IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMPEROR JOEY BUILDER, | : | No. 3:25-CV-2389 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff "Emperor Joey Builder"[1] initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[2] alleging constitutional violations during his state criminal prosecution.  The court will dismiss Builder's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I.    BACKGROUND

Builder's *pro se* complaint is difficult to follow.  As best as the court can discern, he appears to be attempting to raise Section 1983 claims regarding his state-court criminal prosecution in the Court of Common Pleas of Columbia

---

[1] Builder is also known as "Joseph Payne," (see Doc. 1 at 27), but contends that he legally changed his name to Emperor Joey Builder, (see id. at 1, 16-17).

[2] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

County, Pennsylvania, at docket number CP-19-CR-0000355-2021.  (See generally Doc. 1).  At the time Builder filed this lawsuit, he was not incarcerated. (See id. at 1).  He is currently imprisoned at SCI Camp Hill.  (See Doc. 19).

Builder asserts the following claims: (1) a challenge to the presentence investigation report (PSR) with respect to drug weights; (2) alleged judicial misconduct; (3) alleged attorney misconduct; and (4) alleged excessive force by "SWAT" and deficient medical care by an unspecified entity or provider.  (See Doc. 1 at 4-5, 7-8).  He sues five defendants: the Commonwealth of Pennsylvania, Columbia County, Judge Norton, Judge McDonald, and Attorney McDaniels.  (Id. at 4).  He seeks injunctive relief with respect to his criminal sentencing, including a temporary restraining order to "halt" his sentencing, production of a confidential informant's identity, and invalidation of the current PSR.  (Id. at 6).  The court will dismiss his complaint because he fails to state a claim for relief.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard of review to Section

1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.  See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to

state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Builder proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## III.    DISCUSSION

Builder's Section 1983 complaint is flawed for multiple reasons. The court will address his numerous pleading deficiencies in turn.

### A.    Claim(s) Against the Commonwealth of Pennsylvania

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under

4

color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis supplied) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983; states and state agencies do not qualify. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (noting that a state agency may not be sued under Section 1983 because it is not a "person"); Foye v. Wexford Health Sources Inc., 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

Builder cannot sue the Commonwealth of Pennsylvania under Section 1983 because the Commonwealth is not a "person" subject to Section 1983 liability. Will, 491 U.S. at 64. Additionally, Section 1983 claims against states and state agencies are generally barred by Eleventh Amendment sovereign immunity. See Harper v. Jeffries, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by Eleventh Amendment); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the

state having no existence apart from the state."); <u>Foye</u>, 675 F. App'x at 215.

Accordingly, any Section 1983 claim against the Commonwealth of Pennsylvania

will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim upon which relief may be granted.

**B.    Claim(s) Against Columbia County**

To assert a Section 1983 claim against a county or other local governing

unit, a plaintiff must identify a policy or custom fairly attributable to the governing

body that caused him constitutional injury.  <u>See</u> <u>Monell v. Dep't of Soc. Servs. of</u>

<u>N.Y.</u>, 436 U.S. 658, 690-91 (1978).  He must also plausibly plead facts showing

that a defendant is a decisionmaker endowed with authority to promulgate or

establish an official custom or policy.  <u>See</u> <u>id.</u> at 690; <u>Pembaur v. City of</u>

<u>Cincinnati</u>, 475 U.S. 469, 481 (1986) (explaining that a decision to adopt a

particular course of action made by the "government's authorized

decisionmakers" represents an act of official government policy (emphasis

added)); <u>McTernan v. City of York</u>, 564 F.3d 636, 658 (3d Cir. 2009) (noting that

plaintiff failed to "allege conduct by a municipal decisionmaker" in his attempt to

assert municipal Section 1983 liability).

Builder has not identified an unconstitutional policy promulgated by

Columbia County or any county official, nor has he plausibly alleged that any

defendant would have decision-making authority to establish a custom or policy

6

for this local governmental unit.  Accordingly, any and all Section 1983 claims against Columbia County will be dismissed pursuant to Section 1915(e)(2)(B)(ii) as well.

### C.    Absolute Judicial Immunity

Builder appears to sue Judge Gary Norton and Judge McDonald for expressing "judicial bias" in a November 21, 2025 "memorandum."  (See Doc. 1 at 4, 5, 8).  He vaguely asserts that the judges "mischaracterize[d]" Builder's "attempt to exercise pro se rights as an attempt to 'shop' for new attorneys."  (Id.)  He does not explain what, if any, effect or injury this "mischaracterization" caused.

Judicial officers have absolute immunity from suit with respect to the performance of their judicial duties and cannot be held liable for their judicial acts.  Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)).  This immunity is broad.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  Id. (internal quotation marks omitted) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).  Thus, absolute judicial immunity can be overcome only in two rare circumstances: (1) in the case of nonjudicial actions, i.e., "actions not taken in the

judge's judicial capacity"; and (2) when actions are taken in the "complete absence of jurisdiction." Mireles, 502 U.S. 9 at 11-12 (citations omitted).

Even under the most liberal construction, Builder's claim against Judge Norton and Judge McDonald is plainly barred by judicial immunity. He essentially alleges that these judges mischaracterized certain proceedings in Builder's criminal case and failed to properly memorialize them in a memorandum, thereby (somehow) violating Builder's federal rights. Of course, how a judge interprets and memorializes facts and evidence during a criminal proceeding is a quintessential judicial duty, and one for which Judge Norton and Judge McDonald would have jurisdiction. Accordingly, any Section 1983 claim targeting these judges for conduct involving the contents of the November 21 memorandum is barred by absolute judicial immunity.

Builder's claim is also facially meritless. He appears to assert that by mischaracterizing Builder's attempts to exercise his right of self-representation, Judge Norton and Judge McDonald violated "due process." (Doc. 1 at 8). Yet Builder does not explain how his due process rights were "violated" or how he suffered an injury to his life, liberty, or property rights by the judges' purported conduct. Simply put, Builder's barebones, conclusory "due process" allegations do not state a constitutional violation, so even if judicial immunity did not apply, the claim would still be dismissed.

### D.   Claim(s) Against Attorney McDaniel

Builder sues his attorney, John McDaniel, alleging that Attorney McDaniel had "at least two disciplinary sanctions and a pending disciplinary matter" at the time he represented Builder.  (Doc. 1 at 8).  According to Builder, Attorney McDaniel also provided "incomplete, scrambled, and unusable discovery" and "never gave [him] a true full discovery set."  (Id.)

Simply put, this type of conduct is not actionable under Section 1983, as it does not state a constitutional violation.  Moreover, to the extent that Builder may be attempting to assert a Sixth Amendment ineffective-assistance-of-counsel-claim under Section 1983 against Attorney McDaniel, that claim is barred by absolute immunity.  "[P]ublic defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983."  Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982); abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992).  Finally, regardless of whether Attorney McDaniel was hired, private counsel or court-appointed counsel, he would not be a state actor for Section 1983 purposes.  See Deangelo v. Brady, 185 F. App'x 173, 176 (3d Cir. 2006) (nonprecedential) (citing Polk County v. Dodson, 454 U.S. 312, 318 (1981)); Steward v. Meeker, 459 F.2d 669, 670 (3d Cir. 1972) (per curiam) (finding privately retained defense counsel is not a state actor).

### E.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations

10

against them "merely assert their involvement in the post-incident grievance process").

Another clear deficiency in Builder's Section 1983 complaint is that he does not assert personal involvement for the purported Fourth Amendment excessive force violation. Builder vaguely alleges that "SWAT" used excessive force during his arrest by "slamm[ing] him to the ground" and injuring his neck and tooth. (Doc. 1 at 8). However, he does not identify any specific defendant who allegedly utilized excessive force against him. Accordingly, the court must dismiss Builder's Section 1983 excessive force claim pursuant to Section 1915(e)(2)(B)(ii) for lack of personal involvement.[3]

### F.    Habeas Claims

Builder attaches habeas corpus claims to the end of his complaint that appear to attack the validity of his state-court convictions and sentence. (See Doc. 1 at 19-27). He also filed numerous supplements that likewise attack his convictions and sentence. (See Docs. 4, 8-12, 17-18). Those claims, however, cannot be raised in a Section 1983 lawsuit and must be asserted in a petition for a writ of habeas corpus. See Leamer v. Fauver, 288 F.3d 532, 540-41 (3d Cir.

---

[3] To the extent Builder's complaint can be liberally construed to include an Eighth Amendment claim of deliberate indifference to serious medical needs, that claim must be dismissed for failure to state a claim as well. Builder merely alleges that "requests for medical attention were minimized or ignored." (Doc. 1 at 8). In no way does this single sentence plausibly allege an Eighth Amendment medical indifference claim or personal involvement.

2002). Any such claims will be dismissed without prejudice to Builder's right to assert them in an appropriate habeas petition following state-court exhaustion. The court declines to sever and file that portion of the complaint as a separate habeas corpus case under 28 U.S.C. § 2254 in light of the stringent statutory restrictions on second or successive habeas petitions, see 28 U.S.C. § 2244(b); Mason v. Myers, 208 F.3d 414, 417-18 (3d Cir. 2000), as well as the apparent lack of exhaustion of state remedies.

### G.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. The court will grant Builder limited leave to amend in the event that he could plausibly allege a Section 1983 claim. Builder may not reassert his constitutional tort claims against the Commonwealth of Pennsylvania, as states are not "persons" for Section 1983 purposes. He also may not reassert his Section 1983 claims against Judge Norton, Judge McDonald, or Attorney McDaniel, as those claims are clearly barred by absolute immunity and Attorney McDaniel is not a state actor. Finally, he may not reassert claims collaterally attacking the validity of his state-court convictions or sentence, as those claims must be raised in a habeas corpus petition.

12

If Builder chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his claim or claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Builder must address the pleading deficiencies identified in this Memorandum.  Most notably, he must clearly set forth the personal involvement of any named defendant in the alleged constitutional violation.  That is, he must plausibly plead the unconstitutional action (or inaction) of each defendant he is attempting to sue.

Builder must also sign the amended complaint and indicate the nature of the relief sought.  He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).  If he does not timely file an appropriate amended pleading, any claims dismissed without prejudice will automatically convert to dismissal with prejudice and the court will close this case.

## IV.   CONCLUSION

Based on the foregoing, the court will dismiss Builder's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.  Limited leave to amend will be granted.  An appropriate Order follows.

Date: 4/22/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

14