IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMPEROR JOEY BUILDER, | : | No. 3:25-CV-2389 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| HON. JUDGE GARY E. NORTON, | : | |
| *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff "Emperor Joey Builder"[1] initiated the above-captioned *pro se* action

under 42 U.S.C. § 1983,[2] alleging constitutional violations during his state

criminal prosecution.  The court dismissed Builder's initial complaint pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be

granted and provided limited leave to amend.  Builder timely filed an amended

complaint.  His amended complaint, however, does not cure his numerous

pleading deficiencies, so the court will dismiss this Section 1983 lawsuit and

deny further leave to amend.

---

[1] Builder is also known as "Joseph Payne," (see Doc. 1 at 27), but contends that he legally changed his name to Emperor Joey Builder, (see id. at 1, 16-17).

[2] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

## I.    BACKGROUND

In his initial *pro se* complaint, Builder appeared to be attempting to raise Section 1983 claims regarding his criminal prosecution in the Court of Common Pleas of Columbia County, Pennsylvania, at docket number CP-19-CR-0000355-2021. (See generally Doc. 1). At the time Builder filed this lawsuit, he was not incarcerated. (See id. at 1). He is currently imprisoned at SCI Camp Hill. (See Doc. 19).

Builder initially asserted the following claims: (1) a challenge to the presentence investigation report (PSR) with respect to drug weights; (2) alleged judicial misconduct; (3) alleged attorney misconduct; (4) alleged excessive force by "SWAT"; and (5) deficient medical care by an unspecified entity or provider. (See Doc. 1 at 4-5, 7-8). He sued five defendants: the Commonwealth of Pennsylvania, Columbia County, Judge Norton, Judge McDonald, and Attorney McDaniels. (Id. at 4).

The court screened Builder's complaint and dismissed it for failure to state a claim upon which relief may be granted. (See generally Docs. 20, 21). First, the court dismissed the claims against the Commonwealth of Pennsylvania as barred by both the plain language of Section 1983 and the Eleventh Amendment. (See Doc. 20 at 5-6). Next, the court dismissed any claim against Columbia County because Builder had failed to allege an unconstitutional policy or practice

2

promulgated by the county.  (See id. at 6-7).  The claims against Judge Gary Norton and Judge McDonald were dismissed with prejudice as barred by judicial immunity and facially meritless.  (See id. at 7-8).  Builder's claim against Attorney John McDaniel was likewise dismissed with prejudice as barred by immunity and meritless.  (See id. at 9).  The court next dismissed Builder's Fourth Amendment excessive force claim against "SWAT" because there were no allegations of personal involvement by any state actor.  (See id. at 10-11).  Finally, any portion of Builder's Section 1983 complaint that improperly asserted habeas corpus claims was dismissed for failure to state a claim.  (See id. at 11-12).

Builder filed an amended complaint dated May 7, 2026.  (See generally Doc. 22).[3]  That filing consists entirely of claims that sound in habeas corpus. The court will therefore dismiss Builder's Section 1983 case without further leave to amend and will dismiss his habeas claims without prejudice to his right to properly raise them in a petition under 28 U.S.C. § 2254.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an in forma pauperis case "at any time if the court determines that . . . the action . . . fails to

---

[3] Builder also filed another document on May 17, 2026, labeled "Amended Complaint."  (See Doc. 24 (docketed May 27, 2026)).  That filing was untimely and submitted without leave of court, and therefore it will be disregarded.  Even if the court were to consider it, the claims therein fail for the same reasons as provided in this Memorandum.

state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Thus, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Builder proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

III.    **DISCUSSION**

Builder's amended Section 1983 complaint is fundamentally flawed because it raises claims that sound in habeas corpus. Nearly every allegation in

5

his amended pleading involves a challenge to his state-court prosecution or conviction.  The following is a non-exhaustive list of the numerous post-conviction claims Builder is attempting to assert:

- A Fourth Amendment challenge to the legality of evidence obtained from several controlled buys, (Doc. 22 at 3);

- An apparent challenge to the sufficiency of the evidence, (id.);

- A challenge to Judge Norton's independent cross-examination of witnesses, (id. at 4);

- Allegations of Judge Norton's personal bias, (id. at 4-5, 10);

- Allegations of Judge Richard Knecht's personal bias, (id. at 4-5);

- A challenge to the admission of certain evidence, (id. at 4);

- Alleged ineffective assistance of counsel for failure to file suppression motions, (id. at 5);

- Alleged ineffective assistance of counsel for failure to file a state speedy trial motion, (id.);

- An allegation that the drug weights were improperly calculated for sentencing purposes, (id. at 6-7);

- A Fourth Amendment, probable-cause challenge to the search warrant, (id. at 8);

- A claim that Judge Norton improperly refused to recuse or disqualify himself from the case, (id. at 9);

- A challenge to the legality of Builder's sentence, (id. at 10).

Simply put, these claims cannot be brought in a Section 1983 civil rights lawsuit. Rather, they must be pursued in a habeas corpus action. See Leamer v. Fauver, 288 F.3d 532, 540-41 (3d Cir. 2002); id. at 542 ("When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 is unavailable: whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.").

Builder's amended complaint does not state his requested relief. Instead, he simply claims that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated. (See Doc. 22 at 10). Yet regardless of the relief sought, his claims challenge the validity of his conviction and sentence, the "core of habeas." See Leamer, 288 F.3d at 542. Accordingly, they cannot be pursued in a Section 1983 action and instead must be raised in state or federal post-conviction proceedings. See id.

There are, of course, other reasons that Builder's Section 1983 claims fail on their face even if they did not improperly attempt to collaterally attack his

conviction and sentence.  His claims against Judge Norton and Judge Knecht are likely barred by judicial immunity.  See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)).  His claims against his attorneys are also likely barred by immunity, see Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982); abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992), as are his claims against the state prosecutors, see Fogle v. Sokol, 957 F.3d 148, 159-60 (3d Cir. 2020) (explaining that absolute immunity applies to prosecutorial activities "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution, presenting a state's case at trial, and appearing before a judge to present evidence (citations omitted)).

If Builder is attempting to sue his co-defendant, Justin Haney, (see Doc. 22 at 2), those claims fail because Haney is not a state actor.  See 42 U.S.C. § 1983, Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009).  Finally, "Columbia Montour County Swat team" and "Columbia County Probation Department," (Doc. 22 at 2), are not "persons" for Section 1983 purposes, see Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis supplied) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)), nor does Builder allege an unconstitutional policy or custom by these county entities.

Builder's Section 1983 lawsuit, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. His habeas corpus claims will be dismissed without prejudice to his right to assert them in an appropriate habeas petition following state-court exhaustion. The court declines to reclassify his amended complaint as a habeas corpus petition under 28 U.S.C. § 2254 in light of the stringent statutory restrictions on second or successive habeas petitions, see 28 U.S.C. § 2244(b); Mason v. Myers, 208 F.3d 414, 417-18 (3d Cir. 2000), as well as the apparent lack of exhaustion of state remedies.

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. Further leave to amend will be denied as futile, as Builder has failed to plausibly plead a claim for relief even after "amendments previously allowed." See Foman v. Davis, 371 U.S. 178, 182 (1962); Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

9

## IV.    CONCLUSION

Based on the foregoing, the court will dismiss Builder's Section 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. Further leave to amend will be denied.  The court will dismiss without prejudice any claims that sound in habeas corpus.  An appropriate Order follows.

Date: ___7-7-26___

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court

10